Robert Halpern (RH 1253)
HALPERN LEGAL CLINIC, INC.
18 W. Gowen Avenue
Philadelphia, PA 19119
Tel.: 646-288-4372
Email: rnh17@verizon.net
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## OF THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x   Civil Action No.   23-cv-7950

NANCY PIERRE,

                          *Plaintiff,*       **VERIFIED COMPLAINT**

       - against -                  Jury Trial Demanded

RIGHT PRICE GENERAL CONSTRUCTION CORP.;
BROWN POINT FACILITIES MANAGEMENT SOLU-
TIONS, LLC; and DWIGHT SIBBLIES, individually,

                        *Defendants.*

-----------------------------------------------------------------x

   NANCY PIERRE ("Pierre"), by and through their undersigned attorney, brings this action against RIGHT PRICE GENERAL CONSTRUCTION CORP. ("Right Price"); BROWN POINT FA-CILITIES MANAGEMENT SOLUTIONS, LLC ("Brown Point"); and DWIGHT SIBBLIES ("Sib-blies"), individually (collectively, "Defendants"), alleging as follows:

## NATURE OF THE CASE

   1.   This action arises from Defendants' failure to pay overtime under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), and wages for all hours worked under the NYLL; and for retaliation under the NYLL.

   2.   Brown Point was the primary contractor on a project to renovate apartments in a number of New York City Housing Authority ("NYCHA") housing developments in Brooklyn. Brown Point subcontracted with Right Price and its owner, Defendant Sibblies, to perform

the renovations. Right Price hired Plaintiff Pierre to work on the project.

3.    Pierre claims that Defendants did not pay her any wages for an estimated three hundred or more hours of overtime, at an overtime rate of over $90 per hour; and that Defendants engaged in retaliation by reducing her hourly wage for complaining about and refusing to pay kickbacks.

## JURISDICTION AND VENUE

4.    This Court has subject-matter jurisdiction as there is a federal question, concerning the FLSA, 29 U.S.C. § 201 *et seq.*

5.    This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), as the state claims derive from a common nucleus of operative facts.

6.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

7.    Plaintiff Nancy Pierre is a resident of Kings County. Right Price employed her as a supervisor.

8.    Defendant Right Price General Construction Corp. is a domestic business corporation formed under the laws of New York State in 1998. Its principal place of business is at 3950 De Reimer Avenue, Bronx, New York 10466.

9.    Defendant Brown Point Facility Management Solutions, LLC is a limited liability corporation formed under the laws of Rhode Island in 2016. Its headquarters are at 614 George Washington Highway, Suite 3, Lincoln, Rhode Island 02865.

10.    Defendant Dwight Sibblies is a resident of Bronx County, and is the owner of Right Price.

11.   At all times relevant to this complaint, the gross annual volume of sales or business done by both Right Price and Brown Point was not less than $500,000.

12.   At all times relevant to this complaint, both Right Price and Brown Point were "an enterprise engaged in commerce or in the production of goods for commerce," within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a).

## **FACTUAL ALLEGAGATIONS**

13.   Right Price is a construction company that specializes in home improvement and renovations.

14.   At all times relevant to the complaint, Right Price operated in New York City, as well as other locations.

15.   Sibblies is the President and owner of Right Price.

16.   Beginning in or about March 2022, Right Price began work on the New York City Housing Authority "Apartment Turnover Program."

17.   The Turnover Program was a program to renovate apartments in various NYCHA-owned buildings in Brooklyn.[1]

18.   Brown Point was the primary contractor on the Turnover Program.

19.   Brown Point subcontracted with Right Price to perform the apartment renovations.

20.   Right Price employed carpenters, tilers, plasterers, painters, plumbers, janitors, maintenance workers, and supervisors for the renovations.

21.   Sibblies was involved in the day-to-day management of Right Price, including setting

---

[1] The apartments were in the following NYCHA developments: Bay View, Gravesend, Brownsville, Bushwick, Cooper Park, Glenwood, Haber, Ingersoll, Howard, Marcy, Odwyer, Redhook East, Redhook West, Marcus Garvey, Sumner, Tompkins, and Wycoff.

the hourly rates for all employees.

22.   Right Price would bill Brown Point for the hourly wages of its Turnover Program employees, and Brown Point would pay those bills, using funds that it had received from NY-CHA.

23.   Right Price's payroll was generally handled by Sibblie's wife, who was known to Pierre as "Renae."

24.   Right Price and Sibblies employed Pierre as a supervisor, from April 2022 through October 2022.

25.   Pierre's administrative work for the renovations included, but was not limited to, scheduling and assigning workers; collecting, organizing and submitting attendance records; and monitoring progress at the sites and accompanying superintendents on inspections.

26.   In accord with her responsibilities, Pierre sent records to Brown Point on a daily basis.

27.   Right Price initially paid Pierre $20 to $30 per hour through Zelle.[2]

28.   In July of 2022, Defendants nominally began paying Pierre at the rate of $61.64 per hour, as shown on her paystubs. A copy of one of her paystubs is attached as Exhibit 1.

29.   Right Price billed Brown Point for Pierre's work at $100 per hour.

30.   At the time of payment, Pierre's actual hourly wage was *not* $61.64 per hour, as Sibblies required Pierre to return, or "kickback" approximately $30 per hour.

31.   For example, on June 22, 2023, at the demand of Sibblies, Pierre paid a kickback of $1800, using Cash App.[3]   Pierre paid kickbacks to Sibblies totaling over $6500.

---

[2] Zelle is an application or platform for sending payments between bank accounts.
[3] This kickback to Sibblies shows on her checking account statement as a "Cash App" payment to

32.    In August of 2022, Pierre stopped paying kickbacks.

33.    In retaliation, Right Price reduced Pierre's wages, as shown on her paychecks, from $61.64 per hour to $45 per hour.

34.    The wage reduction began with Pierre's August 26, 2022 paycheck.

**Pierre's Overtime**

35.    In order to complete her work, Pierre regularly worked about 11 to 15 hours per day, five days per week.

36.    Accordingly, Pierre regularly worked overtime hours; that is, hours in excess of forty hours in a work week.

37.    Right Price should have paid Pierre an overtime rate of $92.46 per hour for all her overtime hours.

38.    Right Price was aware that Pierre regularly worked overtime hours, as Sibblies would frequently be present when Pierre was working overtime at an on-site office, located at 470 Columbia Avenue, Brooklyn, New York 12571.

39.    Upon information and belief, Right Price did not maintain any records regarding Pierre's overtime hours.

40.    Right Price refused to pay Pierre *any* hourly wages for her overtime hours.

41.    After NYCHA removed Brown Point and Right Price from the Turnover Program, Pierre's employment ended.

42.    Right Price returned the kickback money to Pierre on or about December 27, 2023.

43.    Pierre filed a complaint against the Defendants in the New York City Civil Court,

"Dwight SIB." Cash App is a is an application or platform that allows users to send, receive, and invest money through associated banks.

Kings County, regarding her unpaid wages. She voluntarily discontinued that action (Index No. cv-001483-23) on March 16, 2023.

### FIRST CAUSE OF ACTION
### FLSA—OVERTIME

44.   Pierre repeats and realleges each of the preceding paragraphs.

45.   At all times relevant to the complaint, Right Price and Sibblies were each an "employer" of Pierre under the FLSA, 29 U.S.C. § 201 *et seq.*

46.   The FLSA, 29 U.S.C. § 207(a), requires employers to pay non-exempt employees not less than 1.5 time their regular rate of pay for any hours in excess of forty hours in a work week.

47.   Pierre was not exempt from the overtime provisions of the FLSA, as she was not paid a fixed salary or amount.

48.   Pierre regularly worked 15-25 or more overtime hours per week.

49.   Right Price and Sibblies permitted and encouraged Pierre to work overtime.

50.   Right Price and Sibblies willfully failed to pay Pierre *any* wages for her overtime hours.

51.   Pierre is entitled to recover overtime wages believed to be in excess of $45,000; liquidated damages, and attorney's fees.

### SECOND CAUSE OF ACTION:
### NEW YORK LABOR LAW—OVERTIME

52.   Pierre repeats and realleges each of the preceding paragraphs.

53.   At all times relevant to this complaint, Right Price and Sibblies were employers of Pierre, and Pierre was their employee, within the meaning of New York Labor Law ("NYLL") §§ 2 and 651.

54.   NYLL § 650 *et seq.*, and its implementing regulations, including 12 NYCCRR 142.2.2., requires employers to pay employees at least 1.5 times their regular rate of pay for any hours worked in excess of forty hours in a workweek.

55.   Pierre was not exempt from the overtime provisions of the NYLL and NYCCRR, as she was not paid a fixed salary or amount.

56.   Pierre regularly worked 15-25 or more hours of overtime per week.

57.   Right Price and Sibblies willfully failed to pay Pierre any overtime compensation.

58.   Pierre has a right to recover overtime wages, liquidated damages, and reasonable attorney's fees and costs, pursuant to NYLL § 663(1).

### THIRD CAUSE OF ACTION
### NYLL—UNPAID WAGES

59.   Pierre repeats and realleges each of the preceding paragraphs.

60.   NYLL § 193 prohibits employer's from making any deductions from wages, except for those specified in that section.

61.   Defendants did not pay Pierre *any* wages for her work in excess of forty hours in a work week.

62.   Defendants' failure to pay Pierre for each hour that she worked was a violation of NYLL § 193.

63.   Defendants did not have a good faith basis for their failure to pay Pierre for all the hours that she worked.

64.   NYLL § 198-e provides, "A contractor making or taking a construction contract shall assume liability for any debt resulting from an action under section one hundred ninety-eight of this article, owed to a wage claimant or third party on the wage claimant's behalf,

incurred by a subcontractor at any tier acting under, by, or for the contractor or its subcontractors for the wage claimant's performance of labor."

65.    Pursuant to NYLL § 198(e), Brown Point, as the general contractor on the Turnover Program, is liable for Plaintiff's claims for unpaid wages.

66.    Pierre has a right to recover her unpaid wages, liquidated damages, and reasonable attorney's fees and costs.

**FOURTH CAUSE OF ACTION**
**NYLL—RETALIATION**

67.    Pierre repeats and realleges each of the preceding paragraphs.

68.    NYLL § 215 generally prohibits an employer from taking retaliatory action against an employee for complaining about labor law violations.

69.    Pierre complained to Right Price and Sibblies about the kickbacks that she was required to pay.

70.    As a result of her complaint of this labor law violation, Right Price and Sibblies retaliated by reducing Pierre's hourly wage by more than $15 per hour.

71.    Pierre is entitled to recover her lost wages, liquidated damages, and attorney's fees and costs.

**JURY DEMAND**

72.    Plaintiff demands a trial by jury pursuant to CPLR 4102(a).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff requests a judgment against Defendants granting

(a)    unpaid regular and overtime wages;

(b)    lost wages;

(c)     liquidated damages equal to 100% of the wage underpayments;

(d)     prejudgment interest;

(e)     attorney's fees and costs; and

(f)     such other and further relief as to this Court seems just and proper.

Dated:     October 22, 2023

_____
Robert Halpern, Esq. (RH 1253)
18 W. Gowen Avenue
Philadelphia, PA 19119
Tel.: 646-288-4372
*Attorney for Plaintiff*

**VERIFICATION**

State of _New York_ )
                            ) ss.:
County of _Kings_ )

**NANCY PIERRE**, being duly sworn, deposes and says:

I am a Plaintiff in this action. I have read the foregoing complaint, and know the contents thereof, which are to my knowledge true, except as to matters alleged on information and belief, and as to those matters, I believe them to be true.

NANCY PIERRE

Sworn to before me this _23_ day

of _October_, 2023.

NOTARY PUBLIC

PASCAL MOISE
Notary Public, State of New York
No. 01MO6292420
Qualified in Kings County
Commission Expires Nov. 4, 2025