IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NANCY PIERRE,<br><br>                              Plaintiff,<br><br>    -against-<br><br>RIGHT PRICE GENERAL CONSTRUCTION CORP.; BROWN POINT FACILITIES MANAGEMENT SOLUTIONS, LLC; and DWIGHT SIBBLIES, individually,<br><br>                              Defendants. | **CIVIL ACTION**<br><br>Case No. 23-cv-7950<br><br>Hon. Brian M. Cogan |

### JOINT LETTER PRIOR TO INITIAL STATUS CONFERENCE

In accordance with the Honorable Brian M. Cogan's Mandatory Requirements For Initial Status Conference, the parties submit as follows on a without prejudice basis:

### Description of the Case

This is an action for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), and for retaliation under the NYLL. Plaintiff Nancy Pierre alleges that the Defendants failed to pay her hundreds of hours of overtime wages, during her employment in 2022, and asserts that under federal and state law, employers are required to pay non-exempt employees 1.5 times regular rate of pay for all hours worked in excess of 40 hours in a workweek. Plaintiff further alleges that Defendants Right Price and Sibblies retaliated against her by reducing her hourly wage when she refused to continue paying kickbacks, in alleged violation of NYLL § 215. NYLL § 215(2)(a) authorizes Plaintiff to bring a civil action, and for a court of competent jurisdiction "to order all appropriate relief," including "ordering payment of liquidated damages, costs and reasonable attorneys' fees."

Plaintiff assert that the Court has jurisdiction over the Fair Labor Standards Act claims, and supplemental jurisdiction over the New York Labor Law claims.

### Factual Background

- Plaintiff

Plaintiff Nancy Pierre worked from April 2022 through October 2022 as supervisor for defendant Right Price General Construction Corp. ("Right Price"), on a project to renovate New York City Housing Authority ("NYCHA") owned apartments. Right Price is owned by defendant Dwight Sibblies. Defendant Brown Point Facilities Management Solutions

("Brown Point") was the primary contractor on the project, and Right Point was a subcontractor.

Pierre worked an estimated 15 to 20 hours of overtime per week. She was not paid *any* wages for these excess hours. Sibblies was generally aware that Pierre was working overtime hours, as he often was present when Pierre was working in the evenings. However, there are no daily time sheets showing the hours that Pierre worked.

Pierre's purported wages, as shown on her paystubs, was $61.64 per hour. Sibblies demanded kickbacks, and Pierre returned $6500 of her wages to him. In August 2022, Pierre stopped paying the kickbacks, and in retaliation Sibblies reduced her wages to $45 per hour. In December 2022, after Pierre was no longer employed by Right Price, Sibblies returned $6500 to her.

- Defendant Right Price General Construction Corp.

Defendant employed Plaintiff Nancy Pierre from April to October 2022.  Defendant denies that it failed to properly compensate Plaintiff under the Fair Labor Standards Act or under New York Labor Law.

- Defendant Brown Point Facilities Management Solutions, LLC

Brown Point Facilities Management Solutions, LLC ("Brown Point") is the primary contractor for a renovation project for apartments owned and maintained by the New York City Housing Authority. Brown Point contracted with Right Price General Construction Corp. ("Right Price") to serve as its subcontractor, which completed the work on site.

Brown Point only became aware of some of the Plaintiff, Nancy Pierre's ("Pierre") allegations when she made similar allegations in a January 30, 2023 suit against Brown Point, Right Price, Dwight Sibblies and the New York City Housing Authority in the Civil Court of the City of New York.  Pierre voluntarily dismissed that case on March 16, 2023.

**Primary Legal Issues and Defenses**:

- Plaintiff

As there are no accurate and adequate contemporaneous time records, Plaintiff will have to prove her overtime hours as "a matter of just and reasonable inference," through her own estimations, as well emails and text messages that tend to show the times that she finished work. *See Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2nd Cir. 2011).

- Defendant Brown Point Facilities Management Solutions, LLC

Right Price worked as a subcontractor with direct control over Pierre and her employment. As the primary contractor, Brown Point lacked any "'power to control the workers in question'" and for that reason, cannot be considered an "employer" under both the FLSA

and NYLL. *Solouk v. Eur. Copper Specialties, Inc.*, No. 14CV8954 (DF), 2019 WL 2181910, at *6 (S.D.N.Y. May 2, 2019) (quoting *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 342 (S.D.N.Y. 2005)) (further citations omitted).

Brown Point reserves its right to assert additional defenses and legal issues in its answer and otherwise at a later date.

Dated:  December 22, 2023

Respectfully submitted,

| | |
|---|---|
| Robert Halpern, Esq<br>*Attorney for Plaintiff Nancy Pierre* | Ian Spire, Esq.<br>*Attorney for Defendant Right Price* |
| | Daniel Weinberger, Esq<br>*Attorney for Defendant Brown Point* |

3